JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 21-1035 JGB (SPx) | Date | October 26, 2022 |
| Title | A.K. et al. v. County of Riverside, et al. | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:    Order DISMISSING Case (IN CHAMBERS)**

On October 12, 2021, Plaintiff filed a second amended complaint. ("SAC, Dkt. No. 24.) On November 8, 2021, Defendants filed a motion to dismiss the SAC. ("Motion to Dismiss," Dkt. No. 28.) On December 28, 2021, the Court GRANTED the Motion to Dismiss. ("Order," Dkt. No. 38.) The Court's Order dismissed the SAC in its entirety with leave to amend and ordered Plaintiff to file a third amended complaint no later than January 7, 2022. (Id.) On January 4, 2022, the parties stipulated to continue time to file a third amended complaint from January 7, 2022 to January 21, 2022. (Dkt. No. 39.) On January 5, 2022, the Court approved the stipulation. (Dkt. No. 40.) No third amended complaint has been filed.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 42(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has not filed a third amended complaint in the time allowed by this Court. There is no operative complaint currently pending before this Court. The Court finds that Plaintiff has failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).  Additional delay will also prejudice Defendants, forcing them to spend needless resources on contesting this matter.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").  Moreover, less drastic sanctions are not realistic: because Plaintiff has not undertaken any action since January 5, 2022, it is extremely unlikely that Plaintiff will do so now.

Accordingly, the Court DISMISSES Plaintiff's action and DIRECTS the Clerk to close the case.

**IT IS SO ORDERED.**